UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY JEROME SMITH )
)
v. ) No. 3:05-00545
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Court appointed counsel for Petitioner (Docket No. 12), who has filed a brief in support of the Motion (Docket No. 23). The Government has filed briefs in opposition to the Motion (Docket Nos. 8, 24).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion is GRANTED. The Court VACATES Petitioner's sentence, conviction, plea agreement, and acceptance thereof. On or before May 5, 2006, the parties shall each file a notice in the underlying criminal case, Case No. 3:03-00142, of the status of the proceedings in light of this Memorandum and Order.

Petitioner's Motion Of Notice (Docket No. 4) and Motion To Supplement (Docket No. 6), filed pro se, are GRANTED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty to a Superseding Information charging him with using the mail to facilitate the possession with intent to distribute cocaine, in

violation of 21 U.S.C. § 843(b) (Docket Nos. 49, 51, 52 in Case No. 3:03-00142). The guilty plea was entered pursuant to a Plea Agreement, filed under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (Docket No. 52 in Case No. 3:03-00142). The principal terms of the Agreement provide that the drug trafficking and firearms offenses charged in the Second Superseding Indictment would be reduced to the facilitation charge in the Superseding Information; Petitioner's prior state drug convictions would be filed as enhancements; and that the parties agree to an eight-year term of imprisonment. (Id.) The Plea Agreement further provides that "[i]f the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the plea agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from the agreement." (Id.)

Pursuant to the Plea Agreement, the Court sentenced the Petitioner to a term of 96 months imprisonment (Docket No. 87 in Case No. 3:03-00142). The record reflects that no appeal was taken in this case.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his counsel provided ineffective assistance in failing to object to an illegal sentence.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

A prisoner in custody under sentence of a court established by Act

2

however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing as the facts are undisputed and indicate that Petitioner is entitled to relief.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence

---

of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that counsel was deficient in failing to advise him that his sentence was invalid. As discussed above, Petitioner was sentenced to eight years imprisonment pursuant to the Rule 11(c)(1)(C) Plea Agreement entered by the parties, after pleading guilty to a Superseding Information charging a violation of 21 U.S.C. § 843(b). The penalty provision for Section 843(b) provides, in part, as follows:

> (d)(1) Except as provided in paragraph (2), any person who violates this section shall be sentenced to a term of imprisonment of not more than 4 years, a fine under Title 18, or both; except that if any person commits such a violation after one or more prior convictions of him for violation of this section, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant

4

or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 8 years, a fine under Title 18, or both.

The federal courts have held that, unlike other federal drug statutes, Section 843 permits enhancement of a sentence for prior *federal* drug convictions only. See United States v. Medley, 313 F.3d 745, 750 (2nd Cir. 2002); United States v. Davis, 54 Fed. Appx. 793, at **3, 2002 WL 31845187 (5th Cir. Dec. 4, 2002). Therefore, Petitioner's prior state drug convictions could not serve to enhance his sentence under this section, and the maximum sentence available was limited to four years. Petitioner contends that counsel should have objected to a sentence that exceeded this maximum.

In response, the Government argues only that it is obvious the Petitioner has failed to carry his burden of demonstrating ineffective assistance of counsel.

The Court finds that counsel was deficient in advising Petitioner to enter into a plea agreement with a stipulated sentence exceeding the statutory maximum, and by failing to recognize and object to the improper enhancement at sentencing. The Court also concludes that the increase in Petitioner's sentence of four years is sufficient to satisfy the prejudice prong of the Strickland analysis. Accordingly, having found both deficient performance and resulting prejudice, the Court concludes that Petitioner was denied the effective assistance of counsel.

As Petitioner received the ineffective assistance of counsel in connection with his plea agreement and sentencing, the Court vacates the sentence, conviction, plea agreement, and acceptance thereof.[2] The parties shall each file a notice in the underlying criminal case, Case

---

[2] Petitioner requests that the Court vacate the sentence only. The Court cannot, however, accept a plea agreement contemplating a term of imprisonment that exceeds the maximum provided by the statute in the count of conviction. United States v. Gibson, 356 F.3d 761, 767 (7th Cir. 2004).

5

No. 3:03-00142, of the status of the proceedings in light of this Memorandum and Order.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner's Motion filed under 28 U.S.C. § 2255 should be granted.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

6

Case 3:05-cv-00545   Document 25   Filed 04/12/06   Page 6 of 6 PageID #: 99